IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | CHAPTER 7 |
| ANTHONY J. DEMARCO, III, | : | |
| DEBTOR. | : | BANKRUPTCY NO. 10-13033-MDC |
| DOUGLAS & SANDRA BARNHART, | : | |
| PLAINTIFFS, | : | |
| v. | : | |
| ANTHONY J. DEMARCO, III, ET AL., | : | ADVERSARY NO. 10-00267-MDC |
| DEFENDANTS. | : | |

## MEMORANDUM

BY: MAGDELINE D. COLEMAN, UNITED STATES BANKRUPTCY JUDGE

### INTRODUCTION

Before this Court for consideration is a Motion to Dismiss First Amended Complaint (the "Motion") filed by Greg Engelsbe ("Defendant" or "Engelsbe"). Engelsbe, along with Anthony J. DeMarco, III (the "Debtor"), is one of several co-defendants named in an amended complaint (the "Amended Complaint") filed by Douglas and Sandra Barnhart (the "Plaintiffs"). In the Amended Complaint, the Plaintiffs object to the Debtor's discharge and seek recovery against various other defendants, including Engelsbe, for alleged violations of certain federal and state law committed in furtherance of an alleged foreclosure rescue scam conceived and guided by the Debtor.

Engelsbe seeks dismissal of the Amended Complaint for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). He contends that the Plaintiffs' claim against him constitutes a noncore proceeding that is not related to the Debtor's bankruptcy case. In the alternative, Engelsbe seeks to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) the Plaintiffs' claims against him for failure to plead facts necessary to sustain a claim pursuant to the Pennsylvania Unfair Trade Practices and Consumer

Protection Law, 73 P.S. § 201-1 *et seq.* (the "CPL"). However, because of events that have occurred in the Debtor's main bankruptcy case as well as a related adversary proceeding, this Court finds that consideration of the arguments raised by the Motion to be unnecessary. For the reasons discussed below and not those raised by the Motion, this Court finds that it lacks jurisdiction over the Plaintiffs' claims.

**FACTUAL AND PROCEDURAL BACKGROUND**

**The Instant Adversary Proceeding**

The Plaintiffs contend that Engelsbe, along with the other defendants, engaged in a foreclosure rescue scam that targeted the Plaintiffs. Facing a mortgage foreclosure, the Plaintiffs needed to secure financing to pay off their existing indebtedness. In an attempt to refinance their existing mortgage loan, they completed an on-line application with E-Mortgage Management LLC ("E-Mortgage"). For whatever reason, E-Mortgage was unable to refinance the Plaintiffs' mortgage loan. However, rather than simply turn away the Plaintiffs, E-Mortgage's loan officer suggested that the Plaintiffs contact Engelsbe who happened to be E-Mortgage's manager.

Thereafter, Engelsbe recommended the Plaintiffs contact the Debtor. Engelsbe identified the Debtor as a former E-Mortgage employee who had started his own business, DeMarco REI. Engelsbe is alleged to have identified the Debtor as offering specialized services directed to persons who, like the Plaintiffs, are facing foreclosure and have a need to repair their credit. The Amended Complaint specifically states that the Plaintiffs relied on Engelsbe's advice and contacted the Debtor based on Engelsbe's recommendation.

The Plaintiffs then met with the Debtor to allow him to explain his services. As alleged by the Amended Complaint, the Debtor identified an investor who would purchase the Plaintiffs' home and then lease the property to the Plaintiffs. Pursuant to a transaction that closed on or about April 12, 2007, the Plaintiffs conveyed the property to Maurice Heckscher (the "Investor") who paid $330,000 for the property (the "Sale Proceeds"). From the Sale Proceeds, the Plaintiffs were to receive $40,000.00. However, at closing, the Plaintiffs only received a check for $13,000.00. Also from the Sale Proceeds, the Debtor was to be paid a fee in the amount of $25,229.75 (the "Fee"). The Plaintiffs believe that the

2

actual amount of the Fee that the Debtor paid himself was $90,500.00. The Plaintiffs alleged that, from the Fee, the Debtor then paid to Engelsbe a kickback in consideration of Engelsbe's referral of the Plaintiffs to the Debtor made in furtherance of the alleged scheme. The Plaintiffs alleged that the Debtor has made similar payments to Engelsbe in connection with other similar transactions.

Following the alleged events, the Debtor filed a voluntary Chapter 7 petition. On July 6, 2010, the Plaintiffs commenced this adversary proceeding and filed a three count complaint (the "Complaint") against the Debtor and several other defendants including Engelsbe, Bank of America, N.A., Brightman Agency, and John Doe 1 (collectively the "Original Defendants"). In the Complaint, the Plaintiffs objected to the Debtor's discharge pursuant to 11 U.S.C. 523 and 727 (Count I) and asserted claims against the Original Defendants for equitable relief/unjust enrichment (Count II), and breach of the CPL (Count III).

Thereafter, Engelsbe filed a motion to dismiss the Complaint (the "First Motion") on the grounds that the Plaintiffs had failed to allege the necessary elements to state a claim under the CPL. Engelsbe alleged that Plaintiffs (1) lacked standing because they had not purchased any goods or services from him, and (2) failed to assert factual allegations demonstrating justifiable reliance. Plaintiffs filed a response to the First Motion opposing dismissal and requesting, as alternative relief that they be allowed to file an amended complaint. Following a hearing on the First Motion, the Court entered an Order denying the First Motion and granting the Plaintiffs leave to file an amended complaint.

On September 21, 2010, Plaintiffs filed the Amended Complaint. The Amended Complaint named several additional defendants including DeMarco REI, Inc., Laura Strepp, Maurice Heckscher, Glad Vlad ("Additional Defendants" and together with Original Defendants "Defendants"). Plaintiffs amended the complaint to include, among other things, additional facts relating to Engelsbe. The Amended Complaint did not add additional claims and Counts I, II and III set forth in the Complaint remained.

On October 6, 2010, Engelsbe filed the Motion together with a Memorandum of Law in Support of the Motion ("Memorandum") seeking dismissal of the Amended Complaint for lack of subject-matter

jurisdiction, or, in the alternative, for failure to plead facts necessary to sustain a claim pursuant to the CPL.  Plaintiffs filed a response and memorandum opposing the Motion.  This Court held a hearing on the Motion on November 10, 2010.  Following the hearing, this Court requested that the parties file supplemental briefs addressing the Third Circuit's decision in *Katz v. Aetna Casualty & Surety Co.*, 972 F.2d 53 (3d Cir. 1992).  Specifically, the parties were to address whether a plaintiff asserting a claim under the CPL must allege facts sufficient to establish privity between the parties in order to survive a motion to dismiss.  Plaintiffs and Engelsbe each filed a supplemental brief as ordered ("Supplemental Brief").

**The Denial of Discharge Proceeding**

In a separate but related adversary proceeding captioned *DeAngelis v. DeMarco*, 11-18 (the "DeAngelis Adversary"), pending before this Court in connection with the Debtor's bankruptcy case, this Court entered an Order dated March 16, 2011, denying the Debtor a discharge pursuant to 11 U.S.C. § 727 (the "Discharge Denial Order").  The DeAngelis Adversary was initiated by U.S. Trustee Roberta A. DeAngelis (the "United States Trustee"), by Complaint dated January 13, 2011 (the "DeAngelis Complaint"), objecting to the granting of a general discharge to the Debtor.  The United States Trustee alleged that the Debtor was not eligible for a chapter 7 discharge because he had engaged in a series of fraudulent transfers, including but not limited to the disposition of several luxury automobiles and jewelry that were not disclosed by the Debtor on his chapter 7 Schedules or Statement of Financial Affairs.

On January 14, 2011, the United States Trustee caused a copy of the complaint and summons to be served on the Debtor personally as well as upon his bankruptcy counsel, Allen B. Dubroff.  Despite service being proper, the Debtor failed to file any answer to the DeAngelis Complaint.  As a result, the United States Trustee filed on February 18, 2011, a motion pursuant to Fed. R. Bankr. P. 7055 for default judgment (the "Default Judgment Motion").  This Court held a hearing on the Default Judgment Motion on March 16, 2011, where the Debtor and his counsel failed to appear.  Having failed to answer the properly-served DeAngelis Complaint or otherwise request an extension of time to submit such an answer, this Court entered the Discharge Denial Order pursuant to which the Debtor was denied a chapter

4

7 discharge.

In the Debtor's main bankruptcy case, the Chapter 7 Trustee held and concluded on February 24, 2011, the Debtors § 341 Meeting of Creditors. Shortly thereafter, the Chapter 7 Trustee entered a report of no distribution stating that there is no property available for distribution from the estate over and above that exempted by law and requesting that he be discharged from any further duties as trustee.

**LEGAL DISCUSSION**

Consistent with this Court's continuing obligation to evaluate whether the matters before it are within its jurisdiction, this Court will consider *sua sponte* whether the events in the DeAngelis Adversary and the Debtor's main case are relevant to the issue of whether this Court retains jurisdiction over the matters raised by the Amended Complaint. *See, e.g.*, *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 131 n. 1 (1995) ("every federal court, whether trial or appellate, is obliged to notice want of subject-matter jurisdiction on its own motion") (Ginsburg, J., concurring); *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 405 (3d Cir. 2005) (*sua sponte* considering the issue of standing); *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1198 (3d Cir. 1991) ("We have inherent power and a continuing obligation to determine our own jurisdiction."); *Lunderstadt v. Colafella*, 885 F.2d 66, 69 (3d Cir. 1989). Significantly, the entry of the Discharge Denial Order renders moot Count I of the Plaintiffs' Amended Complaint. As a result, this Court must determine whether it retains jurisdiction over the Plaintiffs' claims set forth in Counts II and III (the "Non-Debtor Claims").[1]

**This Court's Jurisdiction**

Federal courts are courts of limited jurisdiction that may only hear a case if the Constitution or a federal statute provides the court with jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A bankruptcy court has jurisdiction to adjudicate to types of claims: (1) core and (2) related to. 28 U.S.C. 157; *In re Radogna*, 331 Fed. Appx. 962, 965 (3d Cir. 2009). A proceeding is core if "it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could

---

[1] The same is true for at least three other adversary proceedings pending in connection with the Debtor's bankruptcy: (1) *Hohney v. DeMarco, et al.*, 11-275; (2) *Shellhorn, et al. v. Wellington Home Mortgage, et al.*, 10-446; and (3) *Zaki v. Demarco, et al.*, 10-313.

5

arise only in the context of a bankruptcy case." *Torkelsen v. Maggio (In re Guild and Gallery Plus, Inc.)*, 72 F.3d 1171, 1178 (3d Cir. 1996); *Allen v. J.K. Harris & Co., LLC*, 331 B.R. 634, 640-41 (E.D. Pa. 2005) (quoting *Torkelsen*). The Plaintiffs' nondischargeability claims are squarely within this Court's core jurisdiction. 28 U.S.C. § 157(b)(2)(I); *In re Thebes*, Bky. No. 10-03302, 2011 WL 1239847, at *1, n.2 (Bankr. M.D. Pa. Mar. 30, 2011) (recognizing § 523(a) proceedings are within a bankruptcy court's core jurisdiction). On the other hand, this Court possible jurisdiction over the Plaintiffs claims against the nondebtor entities is dependent upon the scope of its related-to jurisdiction.

A related-to proceeding is one where "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984); *In re Federal-Mogul Global, Inc.*, 300 F.3d 368 (3d Cir. 2002) (addressing related-to jurisdiction over actions involving nondebtor parties where the defendant, if found liable, may seek indemnification or contribution from the debtor). As here, the Third Circuit in *Pacor* addressed a bankruptcy court's related-to jurisdiction over tort claims brought by non-debtors against other non-debtors. *Pacor* stands for the proposition that a Bankruptcy Court's related-to jurisdiction does extend to actions that "could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984).

It is generally recognized that upon entry of a report of no distribution, a bankruptcy court is divested of its related-to jurisdiction. *See, e.g., In re Ostroff*, 433 B.R. 442 (Bankr. D. Col. 2010) (holding that proceeding could have no effect on funds available for distribution on unsecured claims and therefore court lacked related-to jurisdiction over adversary proceeding); *In re Herd*, Adv. No. 06-1128, 2007 WL 2481369 (Bankr. E.D. Tenn. Aug. 28, 2007) ("Whether or not the defendant has engaged in the activities complained of by the plaintiffs, retention of jurisdiction of this proceeding by the bankruptcy court and a decision either in favor of the defendant or in favor of the plaintiffs will result in neither a benefit nor a detriment to the estate"); *In re Eltech, Inc.*, 313 B.R. 659 (Bankr. W.D. Pa. 2004) ("the elimination of a claim in a no-asset Chapter 7 case, as set forth above, will have a $0.00 effect on the recovery of other creditors"); *In re Wilson (First Indiana Bank v. Wilson)*, 271 B.R. 511, 514 (Bankr.

6

E.D. Mich. 2001) ("because this is a no asset case, any claim by First Indiana against the estate or by the non-debtor defendants for contribution would not have any effect on the administration of the bankruptcy estate."); *In re Fry*, 1997 WL 666152, at *5 (Bankr. N.D .Ill. Oct. 28, 1997).  In such cases, bankruptcy courts lack jurisdiction over claims against nondebtors because any recovery by plaintiffs will not affect the amount of property available for distribution or the allocation of property among creditors.

Despite this general rule, the effect of a report of no distribution over this Court's related-to jurisdiction in a § 523 adversary proceedings is less than clear.  Because a chapter 7 debtor is still eligible for a general discharge despite the entry of a report of no distribution, the issue of whether a debtor is entitled to discharge of specific debts remains live.  *See, e.g., Vasilyeva v. Educational Resources Institute, Inc.,* Civ. No. 09-709, 2009 WL 3415283 (D.N.J. Oct. 22, 2009) (addressing dischargeability of student loans in case where trustee filed report of no distribution).  However, to the extent that a plaintiff has joined its § 523 action with claims against third-party, nondebtor entities, it is doubtful that a bankruptcy court would, in a no-asset, Chapter 7 case, retain jurisdiction over the claims against nondebtor entities.[2]  *See, e.g., In re Adamson*, 334 B.R. 1, 9-10 (Bankr. D. Mass. 2005) (finding that court lacked jurisdiction over claims brought against nondebtor defendants to a § 523(a) nondischargeability proceeding where debtor's estate had been fully administered); *In re Wilson (First Indiana Bank v. Wilson)*, 271 B.R. 511, 514 (Bankr. E.D. Mich. 2001) ("There is no support for the proposition that joint conduct, standing alone, is sufficient to confer jurisdiction").  Fortunately for this Court, this issue is obviated.  The Debtor has been denied a chapter 7 discharge pursuant to the Anti-Discharge Order thereby rendering moot the Plaintiffs' §§ 523 and 727 claims.  *See, e.g., State of N.J., Dept. of Environmental Protection and Energy v. Heldor Industries, Inc.*, 989 F.2d 702, 706-7 (3d Cir. 1993) (discussing prohibition against judicial review of moot issues); *In re DiLoreto*, 277 B.R. 607, 612 (Bankr.

---

[2] This doubt is underscored by the U.S. Supreme Court's recent decision in *Stern v. Marshall*, 564 U.S. ____, 2011 WL 2472792 (Jun. 23, 2011).  Although the precise implications of the Supreme Court's decision in *Stern* on the related-to jurisdiction of bankruptcy courts remain to be determined, the Supreme Court's holding that bankruptcy courts may not decide "a common law cause of action, when the action neither derives from nor depends on any agency regulatory regime," *Stern v. Marshall*, 564 U.S. ____, 2011 WL 2472792, at *3 (Jun. 23, 2011), suggests that, consistent with this Court's decision herein, this Court would lack jurisdiction to hear the Plaintiffs' claims against the nondebtor entities.

E.D. Pa. 2000) (recognizing that a general denial of discharge pursuant to § 727 would moot pending § 523(a) claims).

## SUMMARY

Because the United States Trustee has entered a report of no distribution and this Court has entered an Order denying the Debtor a global discharge, the adversary proceedings presents no possible effect on the Debtor's estate. As a result, this Court now lacks related-to jurisdiction over the Amended Complaint and will forego any consideration of whether the Amended Complaint states sufficient facts upon which a claim made be made pursuant to the CPL.

The Motion is granted and the Amended Complaint is hereby dismissed.

BY THE COURT:

_MAGDELINE D. COLEMAN_
UNITED STATES BANKRUPTCY JUDGE

DATED: JUNE 28, 2011